UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOLMAN EFRAIN ACOSTA OBANDO,

Petitioner,

v. Case No.: 2:26-cv-02454-SPC-KRH

WARDEN, GLADES COUNTY DETENTION CENTER,

Respondent,

______________________________/

**OPINION AND ORDER**

Before the Court are Holman Efrain Acosta Obando's Petition for Writ of Habeas Corpus (Doc. 2) and the government's response (Doc. 4).

Acosta Obando is a native and citizen of Nicaragua who entered the United States without inspection more than 25 years ago. On June 7, 2026, local police arrested Acosta Obando for a traffic offense, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. On June 27, 2026, ICE commenced removal proceedings against Acosta Obando and took him into custody.

On July 8, 2026, Immigration Judge Liviu Lungu found Acosta Obando to be a danger to the community and a flight risk and denied release on bond. (Doc. 4-1 at 10). Judge Lungu denied bond again on August 24, 2026, after finding no material change in circumstances. Acosta Obando argues Judge

Lungu should have ordered his release because of his family ties in the United States. But the proper way to challenge the result of a bond hearing is appeal to the BIA. This Court does not have jurisdiction to review an immigration judge's discretionary bond decision:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). Accordingly, Acosta Obando's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE and ORDERED** in Fort Myers, Florida on September 16, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record